LEE, C.J.,
for the Court.
¶ 1. In this child-custody matter, we must determine whether the chancellor erred in terminating the mother’s parental rights. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. Brandi and Jordan Mark Owens were married on December 14, 2002, and divorced on August 14, 2008. During the marriage, they had two children. Pursuant to their child-custody, child-support, and property-settlement agreement, Brandi and Jordan agreed to share joint legal and physical custody of the minor children. The parties also agreed no child support should be paid as long as they shared joint physical custody. From the beginning, neither of the parties complied with their visitation agreement. As a result, Brandi has had sporadic visitation with her children. Brandi blames this on Jordan’s refusal to allow her to see the children, and Jordan blames this on Brandi’s failure to attempt to exercise such visitation.
¶ 3. On November 9, 2009, Jordan filed a petition in the Rankin County Chancery Court to modify the judgment of divorce, alleging a material change in circumstances. Jordan specifically alleged that Brandi had not exercised visitation with the children, had only seen the children approximately three times in the six months prior to filing the petition, and had habitually abused drugs. Ultimately, the chancellor appointed a guardian ad litem (GAL) to review the situation. On April 1, 2010, a temporary order was entered regarding a new visitation schedule for Bran *927 di. Upon recommendation by the GAL, the chancellor entered another temporary order on July 23, 2010, restricting Brandi’s visitation.
¶ 4. Following various motions and orders, an agreed judgment was entered in which Jordan was awarded physical custody of the children, and Brandi was ordered to pay $220 per month in child support to Jordan. Shortly after this agreed judgment was entered, Jordan filed a petition to terminate Brandi’s parental rights or, in the alternative, to suspend Brandi’s visitation. After a hearing on the matter, which Brandi failed to attend, the chancellor entered a preliminary judgment on February 13, 2012, terminating Brandi’s parental rights. The chancellor ordered Brandi to seek treatment for her drug addiction by attending an in-patient rehabilitation program and attending seven meetings a week at Alcoholics or Narcotics Anonymous.
¶ 5. Another hearing was held on July 30, 2012, which Brandi also failed to attend. The chancellor found that Brandi had failed to comply with his earlier order to seek treatment for her drug addiction, and that Brandi had been given numerous chances to seek help but failed to do so. The chancellor then terminated Brandi’s parental rights. Brandi filed a motion to reconsider, which the chancellor denied.
¶ 6. Brandi now appeals, asserting ten similar issues, which we have condensed as follows: (1) the chancellor erred in terminating her parental rights; (2) the chancellor erred in denying her motion to reconsider; and (3) the chancellor should have found her in contempt rather than terminate her parental rights.
DISCUSSION
I. TERMINATION OF PARENTAL RIGHTS
¶ 7. Mississippi Code Annotated section 93-15-103 (Rev.2013) lists several grounds for the termination of parental rights. Sections 93—15—103(3)(b) and (e) allow for the termination of parental rights if:
(b) A parent has made no contact with ... a child three (3) years of age or older for a period of one (1) year; or
[[Image here]]
(e) The parent exhibits ongoing behavior which would make it impossible to return the child to the parent’s care and custody:
(i) Because the parent has a diagnosable condition unlikely to change within a reasonable time such as alcohol or drug addiction ... which condition makes the parent unable to assume minimally, acceptable care of the child[.]
Only one statutory ground is needed for termination of parental rights. W.A.S. v. A.L.G., 949 So.2d 31, 35 (¶ 11) (Miss.2007).
¶ 8. On appeal, “it is not [the appellate court’s] role to substitute its judgment for the chancellor’s.” Id. at 34 (¶ 7) (quoting K.D.F. v. J.L.H. 933 So.2d 971, 975 (¶ 14) (Miss.2006)). Instead, “we look for whether credible proof exists to support the chancellor’s finding of fact by clear and convincing evidence, keeping in mind the best interest of the child is the paramount consideration.” In re K.D.G. II, 68 So.3d 748, 751 (¶ 12) (Miss.Ct.App.2011) (internal quotation marks and citations omitted).
¶ 9. In her brief argument, Brandi does not point to any specific errors made by the chancellor; rather, she simply states there was no clear and convincing proof that she was unable to be rehabilitated. However, the chancellor specifically found that Brandi: was a drug addict and *928 was unlikely to change in the foreseeable future; was unwilling to care for her children because of her drug addiction; and had repeatedly failed to comply with court orders regarding her rehabilitation, including entering a drug and alcohol rehabilitation program. The chancellor further found that Brandi did not visit or contact her children for at least one year, not even for Christmas or birthdays. We find there was credible proof to support the chancellor’s decision to terminate Brandi’s parental rights.
II. MOTION TO RECONSIDER
¶ 10. Brandi argues the chancellor erred in denying her motion to reconsider. However, Brandi makes a blanket assertion that the chancellor erred and fails to support this assertion with any legal authority. “Failure to cite any authority is a procedural bar, and this Court is under no obligation to consider the assignment.” Wells v. Wells, 35 So.3d 1250, 1257 (¶ 30) (Miss.Ct.App.2010) (citation omitted). We decline to review this issue.
III. CONTEMPT
¶ 11. Brandi argues the chancellor should have found her in contempt rather than terminate her parental rights. Brandi simply contends she “was in substantial compliance with the spirit of the Court’s directives.” However, the evidence produced at trial shows Brandi had not complied with any of the chancellor’s orders directing her to seek rehabilitation even though she had been given substantial time, and several opportunities, to do so. This issue is without merit.
¶ 12. THE JUDGMENT OF THE RANKIN COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., DISSENTS WITH SEPARATE WRITTEN OPINION.